ALBERT M. PENLEY, COMPLT., for increase of damages.

Androscoggin.    Opinion August 6, 1896.

*Way.  Damages.  Committee.  Exceptions.  R. S., c. 18, § 8.*

Exceptions to the acceptance of the report of a committee, appointed under R. S., c. 18, § 8, on laying out ways, because the committee awarded damages for land not described in the complaint will not be sustained, when the bill of exceptions fails to disclose the facts.

When a case is submitted to the law court on exceptions, it is no part of the duty of that court to weigh evidence and pass upon disputed questions of fact.

Exceptions, in the same proceeding, because the committee allowed damages for the taking of land not owned by the complainant at the time of the action of the county commissioners, will not be sustained when the objection is not supported by any direct proof, but rests on inference.

The value of land taken is not in all cases the measure of the damages.

Injuries and benefits to the remainder of the estate are to be considered; and the damages may be more or less than the value of the land taken.

ON EXCEPTIONS BY DEFENDANTS.

The case appears in the opinion.

*J. A. Morrill and Geo. E. McCann,* for plaintiff.

*W. H. Judkins,* County Attorney, for Androscoggin County, and *Tascus Atwood,* for A. M. Ryerson.

We rely upon two propositions in support of the exceptions; one of law and one of fact.

The proposition of law is this: a party cannot recover damages for the taking of land in the laying out or alteration of a highway, to which he had no title at the time of the adjudication by the county commissioners. That is, he cannot recover damages for the taking of land which he purchased after their adjudication. *Thurston* v. *Portland,* 63 Maine, 149; *Minot* v. *Co. Com.,* 28 Maine, 125; *Sargent* v. *Machias,* 65 Maine, 591. Applicable by analogy, we cite: *Boynton* v. *Frye,* 33 Maine, 216; *Sawyer* v. *Freeman,* 35 Maine, 542.

Second.  Our proposition of fact is,—The committee appointed in this case allowed damages to the complainant for the taking of

land to which he had no title at the time of the action and award of the commissioners.

The first report of the committee having been offered and admitted as evidence in support of the objections, the recitals therein stand as facts proved.

These facts being proved and the first report awarding the complainant fifty dollars, the same sum awarded by the county commissioners, we claim the second report shows conclusively that the committee in their second report awarded damages for the taking of the other strip of land, land not described in the complaint and to which complainant acquired title since the action and award of the county commissioners.

It was error to accept the report with such conclusive evidence before the court that the committee had passed upon something over which they had no jurisdiction.

When one inference only can be drawn from existing facts it is a matter of law. *Morey* v. *Milliken*, 86 Maine, 481; *Bryant* v. *Co. Com.*, 79 Maine, 128, 132.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WIS-WELL, STROUT, JJ.

WALTON, J. This case is before the law court on exceptions to the acceptance of the report of a committee agreed upon to assess the damages, sustained by the complainant, on account of a change in the location of Main street, in the city of Auburn.

The committee has made two reports. The first was not satisfactory to the court, and it was recommitted. A second report has been made, and its acceptance is objected to upon the ground that the committee has awarded damages for land not described in the complaint. We have no means of knowing whether this objection is well founded or not. The complaint is not made a part of the case, and we have not been furnished with a copy of it.

Another objection to the report, and apparently the one most relied upon, is that the committee has allowed damages for the

taking of land not owned by the complainant at the time of the action of the county commissioners.

This objection is not supported by any direct proof. It rests on an inference. In their first report, the committee allowed the complainant fifty dollars as the value of the land owned by the complainant at the time of the action of the county commissioners, and one hundred dollars for land which came to him afterward, provided he could legally claim the same. In their second report, the committee has awarded the complainant one hundred and fifty dollars, as the whole amount of damage sustained by him by reason of the change in the location of the street. This latter amount being exactly equal to the two sums mentioned in the first report, one of which was confessedly for land not owned by the complainant at the time of the action of the county commissioners, we are asked to infer that the second award has the same vice in it as the first.

Certum est quod reddi potest—that is certain which can be made certain—is generally a safe maxim to act upon. But the inference which we are asked to make in this case is by no means certain. The value of the land taken is not in all cases the measure of the damages. Injuries and benefits to the remainder of the estate are to be considered, and the damages may be more or less than the value of the land taken. In the present case, the damages awarded, in excess of the value of the land taken, may have been for injuries to the remainder of the estate. The inference that it was for land not owned by the complainant at the time of the action of the county commissioners is by no means a safe one. It may or it may not be correct. The case has been heard by a learned and capable committee agreed upon by the parties, and the facts stated in the bill of exceptions are not, in the opinion of the court, sufficient to overcome the presumption that they have acted honestly and intelligently. And the fact must not be overlooked that the case is before the law court on exceptions only; and that, in such a case, it is no part of the duty of the court to weigh evidence and pass upon disputed questions of fact.

We do not overlook the position of the county attorney upon this

point. His contention is that the evidence of error is so conclusive that the question presented should be regarded as one of law and not of fact. We differ from him with regard to the conclusiveness of the evidence. We do not think it necessarily proves error on the part of the committee. We do not think it is sufficient to overcome the presumption of accuracy on their part. And, consequently, we can not say, as a matter of law, that the court below erred in accepting their report. And, really, this is the only question properly before the law court.

*Exceptions overruled.*